UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAITLIN MURROW, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) QUINCY BIOSCIENCE HOLDING ) COMPANY, INC., a corporation; QUINCY ) BIOSCIENCE, LLC, a limited liability ) company; PREVAGEN, INC., a corporation ) d/b/a SUGAR RIVER SUPPLEMENTS; ) QUINCY BIOSCIENCE ) MANUFACTURING, LLC, a limited ) liability company; MARK UNDERWOOD, ) individually and as an officer of QUINCY ) BIOSCIENCE HOLDING COMPANY, ) INC., QUINCY BIOSCIENCE, LLC, and ) PREVAGEN, INC.; MICHAEL BEAMAN, ) individually and as an officer of QUINCY ) BIOSCIENCE HOLDING COMPANY, ) INC., QUINCY BIOSCIENCE, LLC, AND ) PREVAGEN, INC., ) ) Defendants. ) ) | Case No. 23-CV-14893<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kaitlin Murrow, on behalf of herself and all others similarly situated, filed a class action complaint against Defendants Prevagen, Inc., Quincy Bioscience Holding Company, Inc., Quincy Bioscience Manufacturing, LLC, Quincy Bioscience, LLC (together, "Corporate Defendants"), Mark Underwood and Michael Beaman (together, "Individual Defendants") (collectively, "Defendants") for consumer fraud under the Illinois Consumer Fraud Act ("ICFA") for claims made regarding the product, Prevagen.

Before the Court is Corporate Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Individual Defendants' motion to dismiss for

1

lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (together, the "Motions"). The Court heard oral argument on the Motions on January 23, 2025. For the reasons set forth below, Corporate Defendants' motion to dismiss is granted without prejudice [36] and Individual Defendants' motion to dismiss is granted without prejudice [38].

**BACKGROUND**

The following facts are accepted as true for the purposes of resolving the Motions.

Plaintiff claims that, since at least Fall 2007, Defendants have manufactured, distributed, marketed, and sold a purported brain health supplement, Prevagen. Defendants represent that the sole active ingredient that provides the purported brain health benefits is a synthetically made dietary protein called apoaequorin, which, in its natural state, can be found in jellyfish. Plaintiff claims that, once digested, apoaequorin acts as a common amino acid, no different from any other dietary protein, and therefore does not have the purported brain health benefits. Plaintiff contends that, even if apoaequorin were to survive the digestion process, it would not be able to gain entry into the brain because the blood brain barrier would block its entry as the brain, a self-regulating organism, would not permit any calcium-binding protein, in this case, Prevagen, to enter the brain to increase the amount of calcium.

On Prevagen's front label, Defendants represent that Prevagen "improves memory" and "supports healthy brain function, sharper mind, and clearer thinking." One of the side panels of the Prevagen box states: "PREVAGEN – Healthier Brain. Better Life" which is followed by "Safe and Clinically Tested Ingredient… Prevagen is formulated with apoaequorin, which uniquely supports brain function. In a computer-assessed, double-blinded, placebo-controlled clinical study, Prevagen improved certain aspects of cognitive functions over a 90 day period." Plaintiff claims that these

2

claims are false, misleading, and deceptive because apoaequorin does not support brain function and the findings from the clinical study referred to on the side panel do not support the claims.

Plaintiff claims that Defendants' marketing violates ICFA for two independent reasons:

1. *Body Chemistry Allegations*: Plaintiff alleges that Defendants' marketing of Prevagen's purported brain health, brain function, and/or improving/maintaining memory representations is false, misleading, and deceptive. Plaintiff contends that Prevagen cannot work as represented since apoaequorin, the only active ingredient in Prevagen, is destroyed by the digestive system and transformed into a common amino acid. As a common amino acid, Plaintiff claims that Prevagen cannot have any measurable effect on the brain and, even if it were not digested, the brain would block entry of Prevagen into the brain through the blood brain barrier since the brain is a self-regulating organism and would not permit the supplement to increase its calcium.

2. *Clinical Evidence Allegations*: Plaintiff alleges that the Madison Memory Study, referenced on the side label to support the "clinically tested" claims, is flawed. Plaintiff claims that Defendants decision to rely on the post-hoc subgroup conclusion that Prevagen is proven effective for slowing down mild cognitive decline or even improving cognitive performance in those with mild cognitive decline for these clinically tested representations violated established clinical trial principles. Plaintiff claims that this purported conclusion is not supported by the study. Plaintiff alleges that if the study is to be relied upon for anything, it should be for the proposition that Prevagen does not work as represented because the results show that Prevagen does not work as represented.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations

as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Lab'ys, LLC,* 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff bears the burden of establishing personal jurisdiction, when ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a prima facie showing of personal jurisdiction. *Matlin v. Spin Master Corp.,* 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Curry,* 949 F.3d at 393 (citation omitted).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011) (citation omitted).

**DISCUSSION**

Corporate Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6) and Individual Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(2) and Rule 12(b)(6). As mentioned during oral argument, the partied filed an insurmountable number of documents in

4

support of their respective position for the Motions. During the hearing on the Motions, the Court stated that the briefs contain a plethora of factual allegations and argument that are not relevant at the motion to dismiss stage. To properly address the Motions, the Court notes that the following issues require resolution: (1) whether Plaintiff adequately asserts particularized wrongdoing against each Defendant as required under Rule 9(b); (2) whether Plaintiff adequately states a claim under ICFA; (3) whether the multi-state class is proper; and (4) whether the Court can exercise specific personal jurisdiction over the Individual Defendants.

## I. Federal Rule of Civil Procedure 9(b)

Defendants[1] contend that Plaintiff failed to put forth sufficient allegations against each particular Defendant as required by Rule 9(b) and improperly engaged in group pleading. Plaintiff claims that the Complaint put each Defendant on notice of the specific allegations. She also contends that she did not engage in group pleading and, if she did, it was proper under Rule 9(b).

In alleging deception under ICFA, a plaintiff must satisfy the Rule 9(b) heightened pleading standard. *Camasta,* 761 F.3d at 736. Rule 9(b) requires that the circumstances of fraud be pled with particularity. Fed. R. Civ. P. 9(b). As mentioned, this requires plaintiff address the 'who, what, when, where, and how of the fraud.'" *Camasta,* 761 F.3d at 737 (internal citations omitted). As it relates to the "who" of the fraud, in a case involving multiple defendants, "the complaint should inform each defendant of the nature of [the] alleged participation in the fraud." *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 778 (7th Cir. 1994).

In support of her position that, if she engaged in group pleading, it was proper, Plaintiff cites *Sloan v. Anker Innovations Limited.* The Court notes that not only is *Sloan* not binding on this Court, but it is not similar to the facts at issue in this case. In *Sloan,* Judge Ellis found that plaintiff did not

---

[1] As both Corporate Defendants and Individual Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6), for the purpose of resolving issues related to the 12(b)(6) motion, the Court will refer to Defendants collectively.

5

engage in group pleading because she alleged that defendants "acted jointly to perpetrate the acts" and determined that plaintiff's complaint put forth specific allegations, including statements, made by each defendant to satisfy the notice requirement of Rule 9(b). 711 F.Supp.3d 946, 956 (N.D. Ill. Jan. 9, 2024) (Ellis, J.) Here, the sole allegation Plaintiff offers relates only to Corporate Defendants, not Individual Defendants, and states that Corporate Defendants are "jointly and severally liable for the acts and practices…" Dkt. 162, at ¶ 162. Further, unlike *Sloan*, the Complaint is completely void of particularized wrongdoing allegations against each Defendant. Plaintiff consistently groups Defendants together throughout her Complaint. When Plaintiff does reference each specific Defendant, she does so by offering broad, conclusory allegations that are not enough to satisfy the heightened standard under Rule 9(b). Simply paraphrasing statements of law without alleging supporting facts is insufficient. *See Knox Coll. v. Celotex Corp.,* 88 Ill. 2d 407, 424, 430 N.E.2d 976, 984 (Ill. 1981).

As Plaintiff fails to offer alleged particularized wrongdoing attributable to *each* defendant, Plaintiff's Complaint fails to satisfy the Rule 9(b) heightened pleading standard and must be dismissed.

## II. ICFA Claim

To state a claim under ICFA, Plaintiff must allege four elements: (1) a deceptive act or practice; (2) an intent for the consumer to rely on the deception; (3) the occurrence of the deception during conduct involving trade or commerce; and (4) actual damage that was proximately cause by the deception. *See Davis v. G.N. Mortg. Corp.,* 396 F.3d 869, 883 (7th Cir. 2005). Deception under ICFA is circularly defined as "[a] statement [that] creates a likelihood of deception or has the capacity to deceive." *People ex. rel Hartigan v. Knecht Servs., Inc.,* 216 Ill.App.3d 843, 857, 575 N.E.2d. 1378, 1387, 159 Ill.Dec. 318 (Ill. App. 1991); *see also Bober v. Glaxo Wellcome Plc.,* 246 F.3d 934, 938 (7th Cir. 2001). A reasonable consumer standard is used to determine if deception has occurred.

6

*Beardsall v. CVS Pharmacy, Inc.,* 953 F.3d 969, 972 (7th Cir. 2020). This standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Markets, Inc.,* 982 F.3d 468, 474-75 (7th Cir. 2020) (internal citations omitted). Courts must view the alleged false statements or omissions in the context of all the information available to the plaintiff. *Benson v. Fannie May Confections Brands, Inc.,* 944 F.3d 639, 646 (7th Cir. 2019). Here, Plaintiff fails to adequately plead a deceptive act, intent that the consumer rely on the deception, and proximate cause to support her ICFA claim.

1. *Proximate Causation*

At the outset, ICFA requires a plaintiff to plead proximate cause with particularity. *See Greifenstein v. Estee Lauder Corp., Inc.,* No. 12-cv-09235, 2013 WL 3874073, at *3 (N.D. Ill. July 26, 2013) (Chang, J.). The key to satisfying proximate cause under ICFA is timing: "[a] plaintiff[] can state a valid claim of consumer fraud only where premised upon statements made prior to the date of purchase," and where no intervening cause broke that causal chain. *See Siegal v. GEICO Casualty Co.,* 523 F.Supp.3d 1032, 1044 (N.D. Ill. March 4, 2021) (Coleman, J.) (internal citations omitted). Here, Plaintiff claims that the brain health representations on her mother's Prevagen bottle led to her purchase. Dkt. 1, at ¶ 153. Plaintiff states that "[i]t was in reliance on the brain health labeling representations that on or about January 20, 2023, Plaintiff Murrow purchased her first bottle of regular strength capsules off of Amazon…" *Id.* Plaintiff's clear statements that the brain health labeling representations on the regular strength capsule bottle led her to purchasing Prevagen is enough to adequately pled proximate causation.

Plaintiff's Complaint alleges that Defendants made additional deceptive representations on the Prevagen website and in commercials to support her ICFA claim. As pled, Plaintiff fails to properly allege that she viewed the representations on the website or in commercials prior to her

7

purchase, as required by ICFA. Nor does the Complaint allege the timing of the viewing of these representations and the subsequent purchase to permit the Court to determine whether there was an intervening cause that broke the causal chain. Because Plaintiff specifically stated that the representations on the Prevagen regular strength capsule bottle itself that led her to purchase the product, as pled, Plaintiff can only allege that the misrepresentations made on the bottle itself deceived her and proximately caused her injury in support her ICFA claim.

While Plaintiff satisfies the injury requirement of her ICFA claim, unless she can offer adequate factual allegations to show that the statements on the Prevagen website and in commercials induced her to purchase the product, Plaintiff may only assert that representations made on the Prevagen regular strength capsule bottle on or about January 20, 2023 formed the basis for the alleged deception if she chooses to amend her Complaint.

   2. *Body Chemistry Allegations*

Defendants contend that the body chemistry allegations are not deceptive because Plaintiff fails to point to any independent studies or scientific evidence showing that Prevagen does not work as advertised. Defendants argue that statements in the FDA Letter that apoaequorin is digested into the stomach does not show falsity because Defendants never advertised that apoaequorin must enter the brain to be effective. Defendants contend that entry to the brain is not the only mechanism of action by which Prevagen can function, and an unknown mechanism of action does not mean Prevagen does not work as advertised. Plaintiff contends that her body chemistry allegations are supported by scientifically conclusive evidence. Plaintiff alleges that these allegations are made more plausible by the existence of the Madison Memory Study, which shows that Prevagen does not work as advertised. Plaintiff also alleges that, contradictory to Defendants' FDA letter argument, the Complaint alleges that Prevagen's marketing materials state that the product supplies calcium-binding proteins, which it does not. Lastly, Plaintiff contends that Defendants' mechanism of action

8

argument fails because if Prevagen cannot enter the brain or bloodstream, it acts as any other dietary protein and can have no meaningful effect on the brain.

Taking Plaintiff's allegations as true, as the Court must do on a motion to dismiss, the Court finds that Plaintiff adequately pled a deceptive act for the body chemistry allegations. However, Plaintiff fails to allege that Defendants intended that the consumer rely on the deception. Under ICFA, intent means that the defendant intends for the plaintiff to rely on the deception, as opposed to the defendant's intent to deceive. *MacLeod v. Commonwealth Edison,* 2024 IL App (2d) 230237, at ¶ 49 (2d Dist. April 29, 2024). Here, Plaintiff alleges that "[d]efendants intended for Plaintiff and the Class Members to be deceived or misled by the brain health, brain function, and memory representations." Dkt. 1, at ¶ 146. This sole allegation claims that Defendants intended for Plaintiff to be deceived, not that Defendants intended for Plaintiff to rely on the deception. This is not enough to satisfy the intent requirement for ICFA. Accordingly, Plaintiff's ICFA claim based on the body chemistry allegations must be dismissed.[2]

### 3. *Clinically Tested Allegations*

Defendants claim that the clinically tested allegations are not deceptive because the disclaimer on the side label put Plaintiff on notice of the Madison Memory Study's subgroup analysis. Accordingly, Plaintiff was aware of the qualifiers about the Madison Memory Study and cannot claim deception. Defendants also argue that Plaintiff's decision to attach the Madison Memory Study to her Complaint negates her claim that the Madison Memory Study is a negative study, and the post-hoc subgroup analysis was improper because the Madison Memory Study shows that Prevagen works as advertised. Plaintiff claims that the clinically tested allegations are deceptive because the post-hoc analysis was improperly conducted as the analysis was not initially disclosed in

---

[2] The body chemistry allegations do not meet the Rule 9(b) pleading standard. If Plaintiff chooses to amend her Complaint, she must properly allege ICFA violations for the body chemistry allegations against each Defendant to satisfy Rule 9(b).

the study's protocol, which contravenes scientific norms. Plaintiff also alleges that the clinically tested allegations are deceptive because the Madison Memory Study, which Defendants offer to support that Prevagen works as advertised, would lead a reasonable consumer to believe that Prevagen was clinically tested, not the result of improper cherry-picked data to support the desired claim. Plaintiff contends that attaching the Madison Memory Study to her Complaint supports her claims: that Prevagen is not clinically tested.

Under limited circumstances, representations that are literally true have been found to be potentially misleading under ICFA. A true statement may be misleading, for instance, where it does not disclose information which materially qualifies the statement. *See Kleczek v. Jorgensen*, 767 N.E.2d 913, 920, 328 Ill.App.3d 1012 (2002). In applying ICFA to truthful statements, the Court must remain cognizant of the purpose of ICFA, which is the eradication of deceptive and unfair business practices. *Am. Buyers Club v. Honecker*, 361 N.E.2d 1370, 1374, 46 Ill.App.3d 252 (1977).

The Court finds that Plaintiff has adequately pled that the clinically tested allegations constitute a deceptive act under ICFA. If the Madison Memory Study is negative study and conducted an improper post-hoc subgroup analysis, such action is deceptive. Since Defendants published the Madison Memory Study, which Plaintiff alleges is misleading for the reasons previously discussed, Plaintiff has shown that Defendants intended for the consumer to rely on the representation. Defendants' argument that because the Madison Memory Study shows that Prevagen works as advertised, attaching the Madison Memory Study to the Complaint negates Plaintiff's allegations is misplaced. The Seventh Circuit has held that allegations in a complaint are not negated by a seemingly contradictory exhibit where the exhibit at issue is a defendant-authored document as such documents could be published for self-serving purpose. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 455 (7th Cir. 1998). Here, Plaintiff alleges that the Madison Memory Study was issued by Defendants. Taken as true, as the Court must, the

10

Court finds that, at this stage in the litigation, the Madison Memory Study does not negate the allegations in Plaintiff's Complaint.

While Plaintiff's clinically tested allegations generally meet the ICFA elements, she still must amend her Complaint to allege particularized wrongdoing against each Defendant to satisfy Rule 9(b). Accordingly, Plaintiff's ICFA claim based on the clinically tested allegations also be dismissed.

### III.     Multi-State Class

In Plaintiff's Response in Opposition to Corporate Defendants' Motion to Dismiss, she informs the Court of her intention to drop the nationwide class allegations and pursue the multi-state class allegations only. Defendants contend that Plaintiff's nationwide class is the same as her multi-state class and, therefore, pursuing either class is improper because ICFA does not permit non-Illinois residents to recover under the statute. Plaintiff contends that her multi-state class is proper because the other states that she intends to pursue have similar consumer fraud statutes to ICFA.

The Court does not believe it is proper make a determination on the merits of the multi-state class at the motion to dismiss stage. Whether a multi-state class is proper "is a question to be answered after discovery […] not right out of the box." *See Freeman v. MAM USA Corp.,* 528 F.Supp.3d 849, 859 (N.D. Ill. March 23, 2021) (Chang, J.) The Court will reserve this determination for a later date.

### IV.     Specific Personal Jurisdiction

Individual Defendants contend that Plaintiff fails to show that they are subject to specific personal jurisdiction in Illinois. Specifically, Individual Defendants argue that Plaintiff offers nothing more than non-particularized allegations by group Corporate Defendants with Individual Defendants in an effort to show that the exercise of specific personal jurisdiction is proper. Plaintiff

11

alleges that the Court has specific personal jurisdiction over the Individual Defendants by the actions Individual Defendants took related to the marketing and advertising of Prevagen.

To exercise specific personal jurisdiction over Individual Defendants, Plaintiff must show: (1) Individual Defendants purposefully availed themselves of the privilege of conducting business in the forum state or personally directed activities at the state; (2) Plaintiff's alleged injury must have arisen out of the Individual Defendants' forum-related activities; and (3) any exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice. *See Curry,* 949 F.3d at 398.

In viewing the facts in the light most favorable to the Plaintiff, as the Court must do at a motion to dismiss stage, Plaintiff has not pled sufficient facts that demonstrate that Individual Defendants had *any* contact with Illinois. In assessing personal jurisdiction, the Court must analyze each of defendant's contacts with the forum state individually. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). Specific jurisdiction is not appropriate "merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must *directly arise* out of the specific contacts between the defendant and the forum state." *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1278 (7th Cir. 1997) (internal citations omitted). "[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton*, 465 U.S. at 781, n.13.

Plaintiff alleges that specific personal jurisdiction is proper because Individual Defendants "marketed, promoted, distributed, and sold Prevagen in Illinois," (Dkt. 1, at ¶ 151), Defendant Underwood was "a member of the marketing creative team, serving as the final decision maker on advertising claims across all channels of distribution and media platforms" (Dkt. 1, at ¶ 159), and Defendant Beaman "transacts or has transacted business in this district and throughout the United States, including Illinois." Dkt. 1, at ¶ 160. These allegations fail to demonstrate that Individual

12

Defendants took any action directed at Illinois that formed the cause of action for Plaintiff's Complaint. These allegations amount to broad, conclusory, paraphrased statements of law and are not sufficient for a finding of specific jurisdiction. *See Knox.,* 88 Ill. 2d at 424.

Plaintiff argues that because Defendant Underwood was a member of the marketing team and "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of [Corporate Defendants]" (Dkt. 1, at ¶ 159), specific personal jurisdiction is met. Taken as true, this allegation does not demonstrate that Defendant Underwood was involved in the specific misrepresentation that was disseminated in Illinois. Nor does it lead to the conclusion that Plaintiff saw the specific misrepresentation that led her to purchase Prevagen. Again, these broad allegations are insufficient for the Court to exercise specific personal jurisdiction over Defendant Underwood.

In a footnote in Plaintiff's Response in Opposition to Individual Defendants' Motion to Dismiss, Plaintiff puts forth the lone statement: "What else would Beaman ultimately be responsible for as the CEO of a single product company other than the successful marketing and sale of the company's product?" Dkt. 44, at p. 5, fn. 5, in an attempt to support the exercise of specific personal jurisdiction over Defendant Beaman. Ignoring Plaintiff's contradictory statement that the company offers for sale a single product while the Complaint alleges that Defendants sell different types of Prevagen, it is not within the Court's purview to answer such question. It is Plaintiff's duty to show the Court that Defendant Beaman is liable for the specific misrepresentation that was disseminated in Illinois and which Plaintiff saw that led her to purchase the Prevagen.

According, Individual Defendants' Motion to Dismiss Under 12(b)(2) is granted.

**CONCLUSION**

For these reasons, the Court grants Corporate Defendants' Motion to Dismiss without prejudice [36] and grants Individual Defendants' Motion to Dismiss under 12(b)(2) without prejudice [38]. Plaintiff is granted leave to amend her complaint within 21 days if she has a good

faith basis for believing she can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file her amended complaint within 21 days from the date of this Order, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 2/10/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge